**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| Thomas Vanik, <br><br> Plaintiff, <br> v. <br><br> Omega RMS, LLC; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: 1:15-cv-15 <br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Thomas Vanik, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. The Plaintiff, Thomas Vanik ("Plaintiff"), is an adult individual residing in Essex, Maryland, is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant, Omega RMS, LLC ("Omega"), is a Missouri business entity with an address of 7505 NW Tiffany Springs Pkwy, Kansas City, Missouri 64153, operating as a

collection agency, is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by Omega and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Omega at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Omega for collection, or Omega was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Omega Engages in Harassment and Abusive Tactics

12. In or around June 2014, Omega began calling Plaintiff's cellular telephone, number 443-XXX-8314, in an attempt to collect the Debt.

13. Omega called Plaintiff from telephone number 405-835-3192.

14. On numerous occasions, Omega called Plaintiff using an automated telephone dialing system ("ATDS") and an artificial or prerecorded voice.

15. When Plaintiff answered ATDS calls from Omega he heard a prerecorded message which stated, "This is Omega RMS. Please call us back."

16. Omega called Plaintiff repeatedly placing up to two calls daily.

17. In or around June 2014, Plaintiff requested that Omega stop calling; however, Omega continued to call Plaintiff's cellular telephone.

18. In or around November 2014, Plaintiff informed Omega that he was unable to pay the Debt at that time and requested again that Omega stop calling. A Collector from Omega informed Plaintiff that the calls would not stop.

19. About twenty minutes after the above conversation, Omega called Plaintiff again in an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

30. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

31. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

32. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

**COUNT III**
**VIOLATIONS OF THE TCPA –**
**47 U.S.C. § 227, et seq.**

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and a prerecorded or artificial voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35. Despite being directing to cease all calls, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

36. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

37. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 6, 2015

                                 Respectfully submitted,

                                 By   /s/ Sergei Lemberg
                                 Sergei Lemberg, Esq.
                                 LEMBERG LAW L.L.C.
                                 1100 Summer Street, 3rd Floor
                                 Stamford, CT 06905
                                 Telephone: (203) 653-2250
                                 Facsimile:  (203) 653-3424
                                 ATTORNEYS FOR PLAINTIFF